IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE SIMPSON,

                                         Case No.

      Plaintiff,

v.

CENTRAL CREDIT SERVICES INC.,
JOHN DOE, and JANE DOE,                   **JURY TRIAL DEMANDED**

      Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.  Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA").  These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff Laurie Simpson (hereafter "Plaintiff") is an individual residing at 504 Sportsman Park Drive, Seffner, Florida 33584.

5. Defendant, Central Credit Services, Inc. (hereafter "Defendant CCS") is a Florida Corporation engaged in the business of collecting debts with its principle place of business located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225. The principle purpose of Defendant is the collection of debts, using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due and owed to another.

6. Defendant, John Doe a/k/a Mark Seabrook (hereafter "Mark Seabrook") is a representative and agent of Defendant CCS and regularly attempts to collect debts alleged to be due and owed to another.

7. Defendant, Jane Doe a/k/a Deborah (hereafter "Deborah") is a representative and agent of Defendant CCS and regularly attempts to collect debts alleged to be due and owed to another.

**IV. Factual Allegations**

8. In or around March 2008, Plaintiff's parents began receiving telephone calls from Defendant CCS.

9. CCS was attempting to collect a debt Plaintiff allegedly owed to HSBC on a Best Buy account, which is a consumer debt as defined by 15 U.S.C. §1692a(5).

10. Plaintiff's parents notified various representatives of CCS that Plaintiff did not reside at that location.

11. Defendant CCS, through its representatives, continued to call Plaintiff's parents through the months of March and April, despite having knowledge that Plaintiff did not reside at that residence.

12. On or about the month of May 2008, Plaintiff's parents received a telephone call from a representative of Defendant CCS.

13. The CCS representative said the phone call was in regard to "case file number 3938509."

14. On or about June 5, 2008, Plaintiff's husband received a telephone call from a representative of Defendant CCS named "Mark Seabrook".

15. Mark Seabrook told Plaintiff's husband that he was calling in regard to Plaintiff's Best Buy account, that he represents HSBC, and that HSBC is his client.

16. By calling HSBC his "client", Plaintiff's husband believed that he was talking to an attorney.

17. Mark Seabrook further told Plaintiff's husband that he was trying to contact Plaintiff's attorney so he could "settle the matter and avoid serving papers."

18. On or about June 10, 2008, Plaintiff contacted CCS.

19. Plaintiff spoke to a representative of CCS named "Deborah".

20. Deborah informed Plaintiff that CCS represented HSBC and that they wanted to settle the amount due on the Best Buy account.

21. Plaintiff told Deborah that she did not have the money available to settle.

22. Plaintiff further told Deborah that she had an appointment to consult with a bankruptcy attorney.

23. Deborah told Plaintiff said she was once in a similar position and that she lost her home for failing to pay her debts.

24. Deborah further told Plaintiff that she "would not qualify for bankruptcy" and there was "no point in contacting an attorney".

25. The representative continued that it would be in the Plaintiff's "best interest" to pay off the amount owed to HSBC with another line of credit, and threatened that if she did not pay off the amount allegedly due by the end of the day that Plaintiff would be served a summons.

26. Deborah then told Plaintiff that she was trying to be helpful and that she will not want to go to court as there is no negotiating at that point.

27. As a result of Defendants' actions, Plaintiff felt embarrassed, confused, upset, and caused Plaintiff a great deal of stress.

### FIRST CLAIM FOR RELIEF
### FDCPA CLAIM
### Laurie Simpson v. Central Credit Services

28. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

29. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(3), 1692e(5), and 1692f.

30. As a result if the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA VIOLATION
### Laurie Simpson v. Central Credit Services

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

32. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7), 559.72(9), and 559.72(12).

33. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

34. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### FDCPA VIOLATION
### Laurie Simpson v. John Doe

35. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 7, 14 through 17, and 27.

36. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(2), 1692c(b), 1692d, 1692e, 1692e(3), and 1692f.

37. As a result if the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### FCCPA VIOLATION
### Laurie Simpson v. John Doe

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 7, 14 through 17, and 27.

39. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§ 559.72(12).

40. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

41. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

### FIFTH CLAIM FOR RELEIF
### FDCPA VIOLATION
### Laurie Simpson v. Jane Doe

42. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 7, and 18 through 27.

43. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e(5), and 1692f.

44. As a result if the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SIXTH CLAIM FOR RELEIF
### FCCPA VIOLATION
### Laurie Simpson v. Jane Doe

45. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 7, and 18 through 27.

46. The foregoing acts and omissions of National Financial Systems and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S. §559.72(9).

47. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

48. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

a. Declaratory Judgment that DEFENDANT'S conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k and F.S. §559.77;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and F.S. §559.77;

e. Punitive damages pursuant to F.S. §559.77; and

f. For such other and further relief as may be just and proper.


Dated: __August 15, 2008____                                    Respectfully submitted,


                                                                   _s/ G. Donald Golden_____
                                                                   G. DONALD GOLDEN, ESQUIRE
                                                                   Florida Bar No. 0137080
                                                                   don@brandonlawyer.com
                                                                   JAMES W. ELLIOTT, ESQUIRE
                                                                   Florida Bar No. 0040961
                                                                   James@brandonlawyer.com

THE GOLDEN LAW GROUP
213 N Parsons Avenue
Brandon, Florida  33510
Telephone: (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

s/ G. Donald Golden
G. Donald Golden, Esquire